# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201
Phone: (646) 386-4500 Fax: (718) 643-7733

Court ORI: NY023033J

**NO FEE**
**Non-Public Version**

The People of the State of New York
vs.
**Ilkin Sradzhly**

**Certificate of Disposition**
Docket Number: **CR-009859-26KN**

CJTN: 71492990K
NYSID: 17070360N

Defendant DOB: **04/24/1995**

Arrest Date: **02/24/2026** Arraignment Date: **02/25/2026**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | VTL 0401 01A I MV Viol:Oper Unregistered Veh **SEALED 160.50** | I | Dismissed | 07/21/2026 |
| 2 | VTL 0402 01BI I Dirty Or Covered Plate **SEALED 160.50** | I | Dismissed | 07/21/2026 |
| 3 | PL 170.20 AM Possess Forged Instrument-3rd **SEALED 160.50** | AM | Dismissed | 07/21/2026 |
| 4 | PL 195.05 01 AM Obstruct Governmentl Admin-2nd **SEALED 160.50** | AM | Dismissed | 07/21/2026 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **July 31, 2026**

**Chief Clerk/Clerk of the Court**

pursuant to Section 160.50 of the CPL

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. For purposes of this subdivision, an action which has been adjourned in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, shall not be considered a pending action, unless the order to adjourn in contemplation of dismissal is revoked and the case is restored to the calendar for further prosecution. [Executive Law 296(16)]
Charges may not be the same as the original arrest charges.
CPL 160.50: All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.